Lane M. Chitwood, ISB No. 8577
lchitwood@parsonsbehle.com
Peter M. Midgley, ISB No. 6913
pmidgley@parsonsbehle.com
John N. Zarian, ISB No. 7390
jzarian@parsonsbehle.com
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901

Attorneys for Plaintiff
Eye Safety Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EYE SAFETY SYSTEMS, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>REVISION MILITARY LTD.,<br>A Delaware corporation,<br><br>Defendant. | Case No. ____________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EYE SAFETY SYSTEMS, INC., ("Plaintiff" or "ESS") hereby complains of defendant REVISION MILITARY LTD. ("Defendant" or "Revision") and alleges as follows:

## I. THE PARTIES

1. Plaintiff ESS is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 160 7th Street West, Ketchum, Idaho 83340.

2. ESS is informed and believes, and thereon alleges, that Defendant Revision is a corporation organized and existing under the laws of the state of Delaware and has a principal place of business at 7 Corporate Drive, Essex Junction, Vermont 05452.

3. ESS is informed and believes, and thereon alleges, that Revision has committed the acts alleged herein within this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

5. This Court has personal jurisdiction over the Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products for sale in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in Idaho and this district, which acts form a substantial part of the events or omissions giving rise to ESS's claim.

6. This Court has jurisdiction over the Defendant pursuant to Idaho's Long Arm Statute, Idaho Code § 5-514, in that the Defendant transacts business within the State of Idaho and has committed tortious acts within the state from which ESS's claim arises.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## III. GENERAL ALLEGATIONS

8. ESS is engaged in the manufacture and sale of protective eyewear. ESS is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by ESS.

9. On October 4, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent No. D510,378 ("the D378 patent") entitled "GOGGLES," describing and claiming the design and ornamentation disclosed therein. ESS is the owner by assignment of all right, title, and interest in the D378 patent. A true and correct copy of the D378 patent is attached hereto as Exhibit A.

10. Defendant manufactures, uses, sells, offers for sale and/or imports into the United States goggles that infringe ESS's intellectual property rights.

## IV. FIRST CLAIM FOR RELIEF (PATENT INFRINGEMENT) (35 U.S.C. § 271)

11. ESS repeats and re-alleges the allegations of paragraphs 1-10 of this Complaint as if set forth fully herein.

12. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D378 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing goggles which are covered by the D378 patent.

13. Defendant's acts of infringement of the D378 patent were undertaken without permission or license from ESS. ESS is informed and believes, and thereon alleges, that Defendant had actual and/or constructive knowledge of the D378 patent and its actions constitute willful and intentional infringement of the D378 patent.

14. ESS is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to ESS. By reason of the aforesaid infringing acts, ESS has been damaged and is entitled to monetary relief in an amount to be determined at trial.

15. Due to the aforesaid infringing acts, ESS has suffered and continues to suffer great and irreparable injury, for which ESS has no adequate remedy at law.

## V. PRAYER FOR RELIEF

WHEREFORE, ESS respectfully prays for judgment in its favor against Defendant and for the following relief:

1. An Order adjudging Defendant to have willfully infringed the D378 patent under 35 U.S.C. § 271;

2. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the D378 patent in violation of 35 U.S.C. § 271;

3. An award in favor of ESS and against Defendant for all gains, profits, and advantages derived by Defendant's infringement of the D378 patent in violation of 35 U.S.C. § 271, and for all damages suffered by ESS and/or Defendant's total profit from such infringement;

4. An Order in favor of ESS and against Defendant for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

5. An Order adjudging that this is an exceptional case;

6. An award in favor of ESS and against Defendant of the attorneys' fees and costs incurred by ESS in connection with this action pursuant to 35 U.S.C. § 285;

7. An award in favor of ESS and against Defendant of pre-judgment and post-judgment interest and costs of this action;

8. And Order that ESS have and recover the costs of this civil action, including reasonable attorneys' fees.

9. Such other and further relief as this Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff Eye Safety Systems, Inc. hereby demands a trial by jury, on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

DATED this 15th day of December, 2011.

Respectfully submitted,

PARSONS BEHLE & LATIMER

By: /s/ *Lane M. Chitwood*
Lane M. Chitwood
Peter M. Midgley
John N. Zarian
Attorneys for Plaintiff
Eye Safety Systems, Inc.