Steven B. Andersen, ISB No. 2618
Tracy J. Crane, ISB No. 6830
HOLLAND & HART LLP
101 South Capitol Boulevard, Suite 1400
Post Office Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
E-Mail: sandersen@hollandhart.com
tcrane@hollandhart.com

Allen S. Rugg (*pro hac vice* application on-file)
John L. Strand (*pro hac vice* application on-file)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
E-Mail: arugg@wolfgreenfield.com
jstrand@wolfgreenfield.com

Attorneys for Defendant Revision Military LTD.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EYE SAFETY SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REVISION MILITARY LTD., a Delaware corporation,<br><br>Defendant. | No. 1:11-cv-00636-REB<br><br>**REVISION MILITARY'S ANSWER TO EYE SAFETY SYSTEMS' COMPLAINT**<br><br>**AND**<br><br>**REVISION MILITARY'S COUNTERCLAIM**<br><br>**JURY DEMAND** |

Defendant Revision Military, Ltd. ("Revision") answers the Complaint of Plaintiff Eye Safety Systems, Inc. ("ESS") as follows.

## I. PARTIES

1. Revision is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Revision admits the allegations of paragraph 2 of the Complaint.

3. Revision denies the allegations of paragraph 3 of the Complaint.

## II. JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states conclusions of law to which Revision need not respond.

5. Paragraph 5 of the Complaint states conclusions of law to which Revision need not respond. To the extent the paragraph contains factual allegations, Revision denies the same.

6. Paragraph 6 of the Complaint states conclusions of law to which Revision need not respond. To the extent the paragraph contains factual allegations, Revision denies the same.

7. Paragraph 7 of the Complaint states conclusions of law to which Revision need not respond.

## III. GENERAL ALLEGATIONS

8. Responding to paragraph 8 of the Complaint, Revision admits that ESS is engaged in the manufacture and sale of protective eyewear. Revision is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Responding to paragraph 9 of the Complaint, Revision admits that on October 4, 2005, the United States Patent and Trademark Office issued U.S. Design Patent No. D510,378 ("D378 patent"), that the D378 patent is entitled "Goggles," and that a copy of the D378 patent was attached to the Complaint as Exhibit A. Revision is without knowledge or information

sufficient to admit or deny the remaining allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Revision denies the allegations of paragraph 10 of the Complaint.

## IV. FIRST CLAIM FOR RELIEF (ALLEGED PATENT INFRINGEMENT) (35 U.S.C. § 271)

11. Responding to paragraph 11 of the Complaint, Revision repeats and incorporates by reference its responses to Paragraphs 1-10 above as if set forth in full.

12. Revision denies the allegations of paragraph 12 of the Complaint.

13. Revision denies the allegations of paragraph 13 of the Complaint.

14. Revision denies the allegations of paragraph 14 of the Complaint.

15. Revision denies the allegations of paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

ESS is barred by 28 U.S.C. § 1498 from asserting patent infringement claims against Revision relating to the use or manufacture of goods for the United States.

### Second Affirmative Defense

Revision has not infringed and is not infringing, directly or indirectly, any claim of the D378 patent.

### Third Affirmative Defense

The claim of the D378 patent is invalid for failure to satisfy at least one or more conditions of patentability set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, 171 and/or 282, *et seq*.

**Fourth Affirmative Defense**

ESS's claims are barred, in whole or in part, by the doctrines of laches.

**Fifth Affirmative Defense**

ESS's claims are barred, in whole or in part, by the statute of limitations, 35 U.S.C. § 286.

**Sixth Affirmative Defense**

ESS's damages, if any, are limited by failure to mark or give notice of alleged infringement pursuant to 35 U.S.C. § 287(a).

**Seventh Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Eighth Affirmative Defense**

ESS's claims are barred, in whole or in part, because the claim of the D378 patent is primarily functional and therefore not valid as a design patent.

## COUNTERCLAIM

Revision asserts the following Counterclaim against ESS.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of these claims for relief pursuant to 28 U.S.C. §§ 1331, 1338 (a), the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. On December 15, 2011, ESS commenced a civil action for infringement of the D378 patent by filing a Complaint in this Court against Revision. As a consequence, there is an actual controversy between Revision and ESS concerning whether Revision infringed a valid and enforceable claim of the D378 patent.

3. This Court has personal jurisdiction over ESS because ESS has submitted itself to the jurisdiction of this Court by the filing of the Complaint.

4. Venue is proper under 28 U.S.C. §1391 and by virtue of ESS's choice of this forum.

5. By its Complaint, ESS asserts that it owns the D378 patent and that Revision has infringed and continues to infringe the D378 patent by its sale of goggles that are allegedly covered by the D378 patent.

## II. PARTIES

6. Revision is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business in Essex Junction, Vermont.

7. ESS has alleged that it is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business in Ketchum, Idaho.

## III. FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE D378 PATENT

8. Revision repeats and incorporates by reference it allegations in Paragraphs 1-7 of its Counterclaim as if set forth in full.

9. Revision has not infringed, directly or indirectly, any valid and enforceable claim of the D378 patent.

10. Revision is entitled to a declaration pursuant to 28 U.S.C. § 2201 that Revision has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the D378 patent, either literally or by equivalents.

11. Revision is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the claim of the D378 patent is invalid for failure to satisfy one or more conditions of patentability set forth in

Title 35 of the United States Code, including, but not limited to 35 U.S.C. Code §§ 101,102, 13, 112, 115, 171 and/or 282.

12. On information and belief, ESS has pursued this action aware that Revision has not infringed a valid and enforceable claim of the D378 Patent.

13. This is an exceptional case under 35 U.S.C. § 285, and Revision is entitled to recover its costs, expenses and reasonable attorneys' fees associated with defending this action.

## IV. JURY DEMAND

Revision demands a trial by jury on all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Revision prays for the following relief:

A. That all claims against Revision be dismissed with prejudice and that the relief requested by ESS be denied;

B. That a judgment be entered declaring that Revision is neither infringing, nor has it ever infringed, any valid or enforceable claim of the D378 patent, either directly or indirectly, literally or by equivalents;

C. That judgment be entered declaring that the claim of the D378 patent is invalid;

D. That an order be entered declaring that this is an exceptional case and awarding Revision its costs, expenses, and reasonable attorneys fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

E. That all claims for relief by ESS relating to the sale, use or manufacture of goods by or for the United States be dismissed; and,

F. That Revision be awarded all other relief to which this Court deems just and proper.

DATED this 15th day of February 2012.

HOLLAND & HART LLP

By /s/ Steven B. Andersen
Steven B. Andersen, of the firm
Attorneys for Defendant Revision Military Ltd.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of February 2012 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Lane M Chitwood**
  lchitwood@parsonsbehle.com,cpontak@parsonsbehle.com,docket@parsonsbehle.com
- **Michael K Friedland**
  2mkf@kmob.com,litigation@kmob.com
- **Peter M. Midgley**
  PMidgley@parsonsbehle.com,Docket@parsonsbehle.com,BAndrews@parsonsbehle.com
- **Nicole Antoinette Rossi**
  nicole.rossi@kmob.com,litigation@kmob.com
- **John N Zarian**
  JZarian@parsonsbehle.com,Docket@parsonsbehle.com,Cpontak@parsonsbehle.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**Paul N Conover**
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Floor
Irvine, CA 92614

**Ali S Razai**
Knobbe, Martens, Olson & Bear, LLP
2040 Main St., 14th Floor
Irvine, CA 92614

/s/ Steven B. Andersen
for HOLLAND & HART LLP

5420447_1.DOCX